# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Ngcoba Atkins                Plaintiff(s) | Civil Case No.:lead 6:20 cv 1217 (BKS/ATB)Hon Brenda K. Sannes |
| vs. WALMART INC. | CIVIL COMPLAINT PURSUANT TO TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED |
| Defendant(s) | |

Plaintiff(s) demand(s) a trial by: ✔ JURY  ☐ COURT   (Select **only** one).

## JURISDICTION

1. Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5.

## PARTIES

2. Plaintiff: Ngcoba Atkins

   Address: 636 James St.

   Utica, NY

   13501

   Additional Plaintiffs may be added on a separate sheet of paper.

3. a.  Defendant: WALMART INC.

   Official Position: A Deleware Corporation

   Address: 8827 Old River Rd

   Marcy, NY

   13403

    b.    Defendant:    <u>Walmart Inc</u>

        Official Position: _____

        Address:   <u>702 SW 8Th St</u>

                  <u>Bentonville, Arkansas</u>

                  <u>72712</u>

4.   This action is brought pursuant to:

[✔] Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.*, and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin.

[ ] Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k), as amended, Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination based on pregnancy.

5.   Venue is invoked pursuant to 28 U.S.C. s 1391.

6.   Defendant's conduct is discriminatory with respect to the following (check all that apply):

(A) [✔] My race or color.
(B) [✔] My religion.
(C) [ ] My sex (or sexual harassment).
(D) [✔] My national origin.
(E) [ ] My pregnancy.
(F) [✔] Other: <u>protected activity</u>.

7. The conduct complained of in this action involves:

(A) ☐ Failure to employ.
(B) ☑ Termination of employment.
(C) ☐ Failure to promote.
(D) ☑ Unequal terms and conditions of employment.
(E) ☐ Reduction in wages.
(F) ☑ Retaliation.
(G) ☑ Other acts as specified below:
   <u>failure to accommodate, removal of accommodation</u>
   <u>pretextual termination, dishonest explanation</u>

8. **FACTS**

In or around June or July of 2018 the Strongarm/Fuse device was introduced into DC6038. In beginning stages of pilot, plaintiff requested exemption from use of device for medical reasons. After being informed by Anne McRedmond of need for medical documentation, plaintiff scheduled soonest appointment with his doctor. He informed management of appointment and was given ok to be excused until result of appointment. On or around Sept 26th plaintiff attended scheduled physical exam with his doctor. The next scheduled shift, plaintiff returned to work with medical documentation requesting exemption from use of Strongarm/Fuse device, as requested by Anne McRedmond(manager). Medical document was personally handed to Anne McRedmond by plaintiff and acknowledgment given of no requirement to wear device. Plaintiff was not required to wear device as accommodation. Plaintiff filed charge with EEOC against plaintiff July 2019. Plaintiff signed official EEOC charge for racial and religious discrimination, and acts of retaliation Oct 23,2019. Within one week after signing charge, plaintiff was informed by Manager Tom Christiano that his accommodation was no longer going to be honored, citing that there was no medical documentation on file nor any indication that a medical accommodation was ever given to plaintiff. Tom indicated that plaintiff would have to go through ADA procedures to get approved accommodation and required medical documentation. These actions by the defendants were a pretext for termination. On Jan 6,2020 plaintiff requested his EEOC charge be returned to investigation, after 1 month delay by defendants for mediation acceptance. On Jan,7 plaintiff clocked in for regular schedule, but was 1 of several employees who volunteered to leave due to low freight. Plaintiff was also approved for vacation from Jan 7 to Jan 13. Upon return to work Jan 14, plaintiff was stopped at entrance by Manager Mike Copperwheat indicating he wanted to have a meeting with me before going to shipping department. Meeting turned out to be exit interview, giving demands to wear device or be terminated. Plaintiff remained adamant to not wear device, but to keep his employment, so a request was made to allow him to be placed permanently in his other listed position of yard driver as an accommodation since there was no requirement of device. Plaintiff was informed he would still be required to get medical documentation and request denied. Plaintiff was informed by Tom Christiano that there is no record of plaintiff ever having received an accommodation or ever turning required medical documentation. Before close of meeting, plaintiff questioned why is he not receiving 3 disciplinary actions, and termination on 3rd action as per policy. The meeting then concluded with termination of plaintiff. Plaintiff made request for employment/personnel file but was denied. Malicious conduct continued by defendants even after termination, as there was delay for nearly 2 months for plaintiff to receive unemployment approval. As defendants reported false information regarding terms of termination and an short investigation had to ensue before

approval.

*Remainder of Page Blank*

## Causes of Action for Lead Case 6:20 cv 1217

### First Cause of Action

Pursuant to Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to retaliate on an employee for engaging in protected activity such as filing a claim/charge of discrimination against employer. With proximity of signing of charge of 1 week, the action of revoking an approved accommodation, without supplying evidence of fact showing that the provision of the accommodation will cause any undue burdens upon daily business activities,can be deemed an adverse action against the plaintiff. Compounded with prior instances and reports of retaliation, some of which prompted initial charge with EEOC, is a violation of law in itself. The revoking of the accommodation was a pretext to the termination of plaintiffs employment which occurred upon his return from vacation. The injuries incurred that resulted from the illegal actions of the defendants included increased tension and anxiety, as well as emotional distress as plaintiff was already under impression he was being selectively targeted for termination and expressed as much to General Manager Larry on a few occasions. Pursuant to the statute violated, the plaintiff is entitled to compensation. **Proposed Insertion** Retaliatory Harassment and interference in Violation of NYS LAB Article 7§203-e,2(a)

### Second Cause of Action

Pursuant to Civil Rights Act of 1964 and amendments, for an employer to terminate an employee that engaged in the protected activity of filing a charge against them is an absolute violation of that employee and of federal law. On Jan 6,2020 , the plaintiff requested invitation to mediation be returned to enforcement to continue investigation. On Jan 7, the plaintiff was approved of one week vacation and was scheduled to return on Jan,14,2020. While on vacation, both the plaintiff and defendants received notification that charge has been returned to enforcement. When the plaintiff returned from vacation on Jan 14, Mike Copperwheat informed him of a meeting with him before heading to his department. In said meeting, Manager Tom Christiano also joined. The topic of the meeting was to give plaintiff ultimatum to wear the Strongarm or be terminated. The plaintiff then requested accommodation to be permanently place in his other position as yard driver , since that position did not require Strongarm use.The request was denied and termination ensued immediately. The plaintiff was not afforded  equal practice of 3 discipline actions so he is entitled to compensation. **Proposed insertion:**Retaliatory Harassment and interference in violation of 42 U.S.C.§12203 and NY HRL Bill-07797 and NY LAB Article 7§203-e,2(a)

### Third Cause of Action

Wrongful termination occurs if there was an illegal reason for such termination. Allowing/aiding in

tactics to creation of a hostile work environment is Workplace Discrimination violation. For a plaintiff that has a history of obeying rules and policy,and has little to no disciplinary actions on his record, to suspiciously receive numerous disciplinary actions within days of reporting acts of racism is on its face retaliatory and abnormal. It is nothing more than tactical to create a false pretext for termination when an employee has a consistent record of overachieving with regards to production and quality, is highly respected by his coworkers and peers and throughout his career, mostly had been looked at with high regards by management and even home office Management from Bentonville,Arkansas, due to his work ethic. The defendants,having known that the plaintiff had always expressed his concerns with the device since bout with stage 3 cancer, seized the opportunity to create constructive discharge, hostile enough to cause quitting,or lead to termination, in attempt to prevent legal action against them which is troublesome. Plaintiff is entitled to compensation for injuries incurred. **Proposed Insertion:**
Retaliatory Harassment and interference in violation of 42 U.S.C.§12203 and NY HRL Bill-07797 and NY LAB Article 7§203-e,2(a)

10. I filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights or Equal Employment Opportunity Commission regarding the alleged discriminatory acts on or about:
(Provide Date) March 11,2020
11. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter (copy attached) which was received by me on or about:
(Provide Date) Sept 9,2020
12. The plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).
13. The defendant(s) is (are) an employer, employment agency, or labor organization within the meaning of 42 U.S.C. § 2000e(b), (c), or (d).
14. The defendant(s) is (are) engaged in commerce within the meaning of 42 U.S.C. § 2000e(g)
15. **PRAYER FOR RELIEF**
**WHEREFORE**, plaintiff(s) request(s) that this Court grant the following relief: 1)For a declaration that the defendants' actions,policies,and practices as alleged herein are unlawful
2) For lost wages and all other compensation denied or lost to plaintiff by reason of unlawful actions of defendants 3)For compensatory damages for plaintiff's pain and suffering 4)for punitive damages 5)For interest on lost wages,compensation and damages including pre and post judgment interest and an upward adjustment for inflation 6)For an order enjoining defendants from engaging in unlawful acts complained of herein 7)For maximum sanctions possible pursuant to section 1614.108(b) for deliberate failure to provide and develop impartial and factual record upon which to make findings on claims raised in written complaint. Plaintiff is hereby requesting $5 million per act of retaliation. $54,000 backpay,$180,000 future pay for 4 years at $45,000, $300,000 pain and suffering, $4,806,000 punitive damages total of $15,340,000.
I declare under penalty of perjury that the foregoing is true and correct.

DATED:

Signature of Plaintiff(s)

(all Plaintiffs must sign)