**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| Ngcoba Atkins | | ) **Partner Case** |
| | **Plaintiff(s)** | ) **Civil Case No.6:20 cv 1217** |
| | | ) **(BKS/ATB) Hon Brenda K.Sannes** |
| **vs.** | | ) **CIVIL COMPLAINT** |
| WALMART INC. | | ) **PURSUANT TO** |
| | | ) **TITLE VII OF THE** |
| | **Defendant(s)** | ) **CIVIL RIGHTS ACT,** |
| | | ) **AS AMENDED** |

| Plaintiff(s) demand(s) a trial by: | ✔ | JURY | | COURT | (Select **only** one). |
|---|---|---|---|---|---|

### JURISDICTION

1.    Jurisdiction is conferred on this court pursuant to 42 U.S.C. § 2000e-5.

### PARTIES

2.    Plaintiff: Ngcoba Atkins

Address: 636 James St.

Utica ,NY

13501

Additional Plaintiffs may be added on a separate sheet of paper.

3.    a.    Defendant:    WALMART INC.

Official Position:    A Deleware Corporation

Address:    8827 Old River Rd

Marcy,NY

13403

b.    Defendant:     <u>Walmart Inc</u>

    Official Position:     _____

    Address:     <u>702 SW 8Th  St</u>

    <u>Bentonville,Arkansas</u>

    <u>72712</u>

4.    This action is brought pursuant to:

    ☑ Title VII of the Civil Rights Act of 1964, as amended, codified at 42 U.S.C. § 2000e *et seq.,* and the Civil Rights Act of 1991, for employment discrimination based on race, color, religion, sex or national origin.

    ☐ Pregnancy Discrimination Act of 1978, codified at 42 U.S.C. § 2000e(k), as amended, Civil Rights Act of 1964, and the Civil Rights Act of 1991, for employment discrimination based on pregnancy.

5.    Venue is invoked pursuant to 28 U.S.C. s 1391.

6.    Defendant's conduct is discriminatory with respect to the following (check all that apply):

    (A) ☑ My race or color.
    (B) ☑ My religion.
    (C) ☐ My sex (or sexual harassment).
    (D) ☑ My national origin.
    (E) ☐ My pregnancy.
    (F) ☑ Other:  <u>protected activity</u>.

7.    The conduct complained of in this action involves:

    (A) ☐ Failure to employ.
    (B) ☐ Termination of employment.
    (C) ☑ Failure to promote.
    (D) ☑ Unequal terms and conditions of employment.
    (E) ☑ Reduction in wages.
    (F) ☑ Retaliation.
    (G) ☑ Other acts as specified below:
    <u>failure to accommodate,removal of accommodation</u>

    <u>dishonest explanation</u>

**8.**

## Facts

1.June 2018 Mr Atkins began wearing fringes on his shirts at work on a daily basis. Representation of his faith.In July of 2018 while a T3 Trainer Mr Atkins reported an act of racism reported to him by trainee Brandy Urich, to management.

After making report of racism, Mr. Atkins was demoted from T3 trainer, and never given any further forklift assignments.

2.September 2018, the plaintiff submitted medical paperwork to Mgr Anne McRedmond, who in turn acknowledged and allowed accommodation for exemption of Strongarm/Fuse use.

3.October 22,2018 religious accommodations request made but denied Nov,2018 without showing undue burden. Mr. Atkins then began a process attempting to dispute the decision made over about a months time.

4.In November 12, 2018 Mr Atkins was singled out as sole individual responsible for destroying freight out of 5 people involved. Manager vote held to determine if Mr. Atkins warranted disciplinary action.

5.In the beginning of February 2019 Mr Atkins reported faulty equipment to Todd Gauthier (break pack box) due to sand type material falling through bottom nearly into eye.

This resulted and a write-up that Mr Atkins open door with Anne McRedmond shipping manager ending conversation with you don't have to work at Walmart, you should check your net worth and I bet no one is going to pay you like we do.

6.Also February Mr Atkins inquired with David White about being overlook for cross-training position.(after dispute with Anne)

7. On February 18th 2019, Mr Atkins submitted second religious accommodation request to Maureen Sheedy. Request was denied again on March 1st 2019. Mr Atkins began to dispute and seek reconsideration and explanation.

8.On April 12th and April 22nd Mr. Atkins was denied ability to complete Manager application online through online process as he had other applications. During this process Mr. Atkins was determined unqualified after only we answering the question are you a current employee. He was able to complete other applications by this method at this time, including shift change application.

9.On or about April 24th 2019 Mr Atkins was inform if he was interested in open position he would be required to fill application at actual work facility before position closed.

10.Mr. Atkins received call from hiring manager will on or around April 25th to inform Mr Atkins that he would be qualified for 1 of the two posted positions he applied for, which were management and A1 shift.

(Status of mgmt application showed withdrawn on Apr 26, the day after accepting A1 Shift)

11.On or around May 14th 2019 Mr Atkins began his new shift. On May 15th 2019 Mr. Atkins was interviewed by Will the hiring manager, Shannon the shipping dock manager is well as George Sigroy also shipping manager, for yard driver position that Mr Atkins had applied for after April 25th call from Will about A1 shift. (Online application from home). During final interview to confirm yard driver position hiring

manager Will indicated to Mr Atkins, after being asked status of application for management, that he doesn't see that Mr Atkins had ever submitted management application.

12.May 23, 2019 Will had asked Mr Atkins to see him in his office to discuss information he found regarding the status of his withdrawn management application. He informed Mr Atkins that he had failed an assessment.(no documents to present failed assessment) Mr Atkins insisted he needed more proof of failed assessment which was never produced. He also questioned lack of notification of no longer being considered for position as per workplace policy?

13.On August 1st Mr Atkins made second report about racism against him by manager Ryan Quinn that Richard Brado had informed him of. Mr. Atkins was asked to continue the remainder of his shift in the yard on that day. The next day August 2nd Mr. Atkins left early and used p t o that he had available after feeling tension from management. Upon his return to work on August 6th Mr Atkins had received an unwarranted write up for failure to clock out, another one on August 7th for failure to take earlier lunch on the Friday August 2nd that he left early. On August 13th upon return to work Mr Atkins had received three points on attendance Matrix as well as a write-up for no call no show, as well as one for completely not informing management of his absence on overnight mandated Sunday shift, which management was informed on.

14.On August 13 Mr. Atkins had meeting with general manager Larry who ultimately removed the disciplinary actions as well as 2 of the three points added to attendance Matrix.

15.In September of 2019 Mr Atkins was informed of return of Strongarm/Fuse device in which he had informed management that he was already being provided an accommodation and exemption from wearing device. Mr Atkins however attempted to contact 3rd party to participate in process to get accommodation, as requested by management.

16.On October 22nd Mr Atkins had noticed that the removed points were placed back on his attendance Matrix.

17.Oct 23 Mr Atkins signed official charge against Walmart.

On October 24th after another meeting with general manager Larry, Mr. Atkins what informed the points would be removed again, allowing him to receive upcoming Warehouse incentive bonus check.

18.On January 6 2020, Mr. Atkins had made request with the EEOC to return request for mediation back to investigation. On January 7th 2020, upon return to work after weekend Mr Atkins had put the request for one week vacation and had been approved. On return to work January 14th 2020, Mr Atkins was greeted by Mike Copperwheat informing him of a meeting with him which resulted with termination of Mr. Atkins.

9.

# CAUSES OF ACTION

**Note: You must clearly state each cause of action you assert in this lawsuit.**

## FIRST CAUSE OF ACTION

Pursuant to Title VII of the Civil Rights Act of 1964, it is unlawful for an employer to retaliate on an employee for engaging in protected activity such as reporting act of workplace racism and antisemitism. The plaintiff in this case has in fact been the recipient of such retaliation from his former employer, defendant, after reporting an act of racism to salaried member of management as required by workplace policy. After reporting a racial incident about 2 coworkers conversation about him, the plaintiff was immediately removed from supervisory type position of certified trainer(T3), he no longer received available heavy machine operation(forklift) assignments. He was also overlooked for crosstraining opportunities within his department. The law dictates that the defendants are responsible for the incurred injuries and the plaintiff is entitled to compensation for such injuries.

### Second Cause of Action

Pursuant to Title VII of the Civil Rights Act of 1964 as amended,defendants are responsible for unlawful act of retaliation,after engagement of protected activity by plaintiff.After plaintiff was informed about racist remark and conversation about him,plaintiff reported as per policy to salaried manager. Plaintiff instructed to finish shift in yard and outside of the building, at return from lunch. The next day tensions remained between plaintiff and management,so plaintiff used PPTO(protected paid time off) after lunch for remainder of shift. On next scheduled day, plaintiff received disciplinary action for false claim of failure to clock out on day that PPTO was used. The next day he received another disciplinary action for claim he should have had lunch earlier when used PPTO. Next work week, he received additional discipline and 3 points added to his attendance matrix for no call no show, for false claim that management had not been notified of absence on mandated shift. Management was informed twice.These actions by defendants demonstrate the continual creation of a hostile work environment created by the unlawful actions,

compensation is due to plaintiff. **Proposed insertion :** Retaliatory Harassment and Interference in Violation of NY HRL Bill 07797: prohibits discrimination/harassment on hairstyle and skin color and retaliation from reporting it. "Angry Black Elf" with Dreadlocks.

## Third Cause of Action

Pursuant to Title VII of the C.R.A. 1964 as amended, engaging in the protected activity of filing EEOC charge against employer is protected against retaliation. Within 1 week of signing charge against plaintiff for racial and religious discrimination and retaliation, plaintiff was informed his medical accommodation was being revoked, and if he wanted another one he would have to have it approved by 3rd party partner/vendor and be required to return to doctor for medical exempt request for Strongarm/Fuse device. After communicating with 3rd party, plaintiff requested that defendants fax medical documentation on file, to 3rd party who said it would suffice. Defendants response was there is no record of medical documentation or accommodation granted. The result of this action culminated in the act of termination of employment by defendants, however this cause of action is for the retaliation initially after signed charge, which increased hostilities in the already hostile environment,attempting to create constructive discharge to make plaintiff quit. These illegal acts of creating /allowing hostile environment entitled compensation to plaintiff and sanction on defendants. **Proposed Insertion:** Violation of 42 U.S.C.§12203 and NY HRL Bill-07797 and NY LAB Article 7§203-e,2(a), and NY LAB§239

## Fourth cause of action

Pursuant to Title VII of the civil rights act of 1964, 29CFR PART 1605.1, 1605.2, it is in violation of law to discriminate based upon religion,race,national origin,or sex. The plaintiff made 2 request for religious accommodation both were denied and neither time was there presentation of facts indicating that the provision of any of the proposed accommodations would cause undue burden on the operations of daily business . As a result of being denied accommodation, the plaintiff took steps to apply for new position on new shift with less pay. The defendants presented an option to plaintiff that the plaintiff would be able to complete without the need of accommodation. As a result of making a schedule change, the plaintiff lost the benefit of weekend incentive, was required to work a shift that was less desirable and caused unnecessary pain and suffering to his family that are accustomed to stability . As result of being denied, plaintiff vigorously disputed denial which unnecessarily created the illusion that the plaintiff was someone argumentative and hard to work with or around.These illusions resulted in being denied ability for promotion, and other opportunities within company. These injuries are real and are due to the illegal actions of the defendants and the plaintiff is entitled to compensation for incurred injuries.

## Fifth cause of Action

Pursuant to defamation laws,it is unlawful to falsely make statements of fact that can hurt someones reputation. On 2 separate occasions the plaintiff reported incidents of racist conversation and remarks being made about him. Both conversations were reported to him by coworkers witness to conversations. Each incident reported by plaintiff resulted in adverse action such as unwarranted and unusual disciplinary actions such as removal from T3 trainer position and write-ups. Each conversation entailed false characterization of the plaintiff as well as false description of work performance of plaintiff. Both of these incidents required written statements from plaintiff and all coworkers involved and validate the content of each conversation as factually being made by alleged coworkers.The injuries incurred as result of the adverse actions of management ultimately

penalized the plaintiff by creating atmosphere for false reasoning for demotion and denial of promotion therefore the plaintiff is entitled to compensation for incurred injuries.**PROPOSED INSERTION**:Violation of  42 U.S.C.§12203 and NY HRL Bill-07797 , and NY LAB§239, and Title I and V

## Sixth Cause of Action

Pursuant to ADA and amendments, a person who goes through ADA accommodation workplace procedures,are entitled to accommodation that will not cause undue burden on daily business activities. In Sept 2018 plaintiff completed necessary steps to be provided accommodation by defendants, and was given accommodation of exemption from use of Strong Arm/Fuse device.On Oct 23,2019 the plaintiff signed official EEOC charge against defendants. Within one week, the plaintiff was informed that he would have to request accommodation through 3rd party Sedwhick, silently indicating that his accommodation is being revoked.The defendants failed to show cause of undue burden on business operations,but falsely claimed that there is no record of plaintiff ever providing medical documentation or going through ADA procedures to get exemption from use of device. The continuing actions by the defendants up until the termination of employment amounted to nothing more than attempts to intimidate plaintiff and a created false pretext for their final action against plaintiff as retaliation for filing charges against them.The actions of defendants caused increase anxiety in already stressful and increasingly hostile work environment until end of employment and as result of injuries plaintiff is entitled to compensation. **PROPOSED INSERTION**:Retaliatory Harassment and Interference in Violation of  42 U.S.C.§12203 and NY HRL Bill-07797 , and NY LAB§239 and  NY LAB Article 7§203-e,2(a), and NY

LAB§239and Title I and V of C.R.A and ADA

## Seventh Cause of Action

Pursuant to Civil Rights Act of 1964 and amendments, an employer cannot deny ability to pursue advancement or promotion on the basis of race. The defendants prevented the plaintiff access to equal treatment in the workplace by preventing him from gaining same access to online application process for open manager positions. The plaintiff attempted to apply for two open management positions in which defendants online system falsely indicated that the plaintiff was not qualified for position and rejected application after only answering that he was current employee. After reporting concerns to HR, plaintiff was informed if he had interest in position , he would have to return work on his day off to file application from work location before post was removed the next day.After making a change in schedule, manager application was withdrawn from contention by defendants without notice and without reason. The position had been filled by the daughter of maintenance manager(20 plus year), who happened to be of Caucasian descent, keeping the number of African American managers at zero. The targeting of a qualified candidate of a protected class by preventing equal opportunity for promotion, gives rise to presence of adverse action action causing injury and entitles the plaintiff to compensation pursuant to law. The defendants made decisions based on keeping management right and white.

10. I filed charges with the New York State Division on Human Rights, the New York City Commission on Human Rights or Equal Employment Opportunity Commission regarding the alleged discriminatory acts on or about:
(Provide Date) July 2019
11. The Equal Employment Opportunity Commission issued a Notice-of-Right-to-Sue letter

(copy attached) which was received by me on or about:
(Provide Date) Sept 9,2020
12. The plaintiff is an employee within the meaning of 42 U.S.C. § 2000e(f).
13. The defendant(s) is (are) an employer, employment agency, or labor organization within
the meaning of 42 U.S.C. § 2000e(b), (c), or (d).
14. The defendant(s) is (are) engaged in commerce within the meaning of 42 U.S.C.
§ 2000e(g).

**15.**                              **PRAYER FOR RELIEF**
**WHEREFORE,** plaintiff(s) request(s) that this Court grant the following relief:

1)For a declaration that the defendants' actions,policies,and practices as alleged herein are
unlawful
2)For lost wages and all other compensation denied or lost to plaintiff by reason of unlawful
actions of defendants 3)For compensatory damages for plaintiff's pain and suffering 4)for punitive
damages 5)For interest on lost wages,compensation and damages including pre and post
judgment interest and an upward adjustment for inflation 6)For an order enjoining defendants
from engaging in unlawful acts complained of herein 7)For maximum sanctions possible pursuant
to section 1614.108(b) for deliberate failure to provide and develop impartial and factual record
upon which to make findings on claims raised in written complaint. Plaintiff is hereby requesting
$5 million per act of retaliation(x4) $54,000 backpay,$180,000 future pay for 4 years at $45,000,
$300,000 pain and suffering, $4,806,000 punitive damages total of $29,340,000.

I declare under penalty of perjury that the foregoing is true and correct.


DATED:

Signature of Plaintiff(s)

(all Plaintiffs must sign)